**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

| | |
|---|---|
| JESSICA HINTON A/K/A JESSA HINTON, CORA SKINNER, DESSIE MITCHESON, SARA UNDERWOOD, EVA PEPAJ, JESSE GOLDEN, LINA POSADA, TIFFANY TOTH GRAY, JACLYN SWEDBERG, and SARAH STAGE<br><br>Plaintiffs,<br>v.<br><br>VONCH, LLC d/b/a POLEKATZ CHICAGO GENTLEMEN'S CLUB; and POLEKATZ GENTLEMEN'S CLUB, LLC d/b/a POLEKATZ CHICAGO GENTLEMEN'S CLUB<br><br>Defendants. | Case No. 1:18-cv-07221<br><br>Judge Manish S. Shah Presiding |

**DEFENDANTS' MOTION TO DISMISS**
**COUNTS III-V OF PLAINTIFFS' AMENDED COMPLAINT**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

NOW COME Defendants VONCH, LLC d/b/a POLEKATZ CHICAGO GENTLEMEN'S CLUB ("Vonch") and POLEKATZ GENTLEMEN'S CLUB, LLC d/b/a POLEKATZ CHICAGO GENTLEMEN'S CLUB (collectively, "Polekatz" or the "Defendants"), by and through their attorneys Lavelle Law, Ltd., and for Motion to Dismiss Counts III-V of Plaintiffs' Amended Complaint (the "Amended Complaint") Pursuant to Federal Rule of Civil Procedure 12(b)(6), state as follows:

1. On October 29, 2018, Plaintiffs Jessica Hinton, et al. (the "Plaintiffs") filed their initial Complaint with this Court. Each individual Plaintiff alleged the same five counts. Counts I and II alleged violations of the Lanham Act, 15 U.S.C. § 1125(a), Counts III and IV alleged violations of the Illinois Right of Publicity Act, 765 ILCS 1075/10 *et. seq.* (the "Publicity Act"), and Count V alleged a cause of action purportedly sounding in negligence and respondeat superior.

2. On December 19, 2018, the Defendants filed a Motion to Dismiss Counts III-V of Plaintiffs' initial Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6).

3. Recognizing the weakness of these counts, Plaintiffs attempted to correct them by filing an Amended Complaint on February 15, 2019. The Amended Complaint is identical with respect to Counts I-II for each Plaintiff, and only adds generic allegations to Counts III-V. This new material wholly fails to respond to Defendants' original Motion to Dismiss, and Counts III-V still fail to meet the pleading standard required of Plaintiffs.

4. Specifically, Counts III and IV fail for all Plaintiffs because they fail to meet the one-year statute of limitations period that applies to Illinois Right of Publicity Act claims. *See Blair v. Nev. Landing P'ship*, 369 Ill. App. 3d 318, 322-23 (2nd Dist. 2006); 735 ILCS 5/13-201.

5. This statute of limitations applies to Count III, which alleges that Defendants violated the Publicity Act by publishing Plaintiff's images without consent or compensation for a commercial purpose.

6. This statute of limitations also applies to Count IV. Count IV purports to state a claim under the Publicity Act regarding Defendants' alleged misleading use of Plaintiff's images, but is actually an Illinois common-law "false light" privacy tort claim. *See Blair*, 369 Ill. App. 3d at 323; *see also* 765 ILCS 1075/60. In either scenario, Count IV is subject to a one-year statute of limitations. *See Blair*, 369 Ill. App. 3d at 322-23.

7. None of the Plaintiffs have met this one-year statute of limitations. The most recent publication of a Plaintiff's image as alleged in the Amended Complaint is October 11, 2017, when Defendants allegedly published Sarah Stage's image. This is over a year before Plaintiffs filed the initial Complaint, and accordingly, Ms. Stage is barred from legal relief based on either the Publicity Act or any Illinois common-law privacy torts.

8. All other Plaintiffs alleged publications over a year before October 29, 2018, the date they filed their initial Complaint, and are also barred from pursuing those claims.

9. The Amended Complaint is insufficient to address Plaintiffs' failure to timely file this action because it adds only legal conclusions quoting case law for when the statute of limitations is tolled. Plaintiffs fail to make any plausible allegations that would suggest they met this legal requirement, and have pled themselves out of court on their Publicity Act claims.

10. Accordingly, this Court should dismiss Counts III-IV of the Amended Complaint with respect to all Plaintiffs.

11. In addition, this Court should dismiss Count V with respect to all Plaintiffs, because they fail to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Count V purportedly sounds in negligence and respondeat superior. However, Plaintiffs make only conclusory statements reciting the elements of negligence, and it is clear that they have only re-pled their Lanham Act claim under a different heading.

12. For example, the only duty Plaintiffs allege Defendants owe either mirrors their Lanham Act obligations, or inexplicably invokes an alleged duty Defendants owe the general public. However, Plaintiffs' own pleading shows Defendants owe no distinct duty towards them, particularly given Plaintiffs' allegations throughout the Amended Complaint that they have never had a business relationship with Defendants.

13. Because Plaintiffs fail to do more than generically state a duty, and do nothing more than recite the legal elements for a negligence claim, they fail to make sufficient factual allegations showing they are entitled to legal relief under Count V, and this Court should dismiss that count with respect to all Plaintiffs.

14. In further support of this motion, Defendants submit herewith the accompanying Memorandum of Law in Support.

15. In sum, this Court should deny Counts III, IV and V with respect to all Plaintiffs in this action based on Plaintiffs' failure to adhere to the statute of limitations in the case of Counts III and IV, and based on Plaintiff's failure to state a cause of action in the case of Count V. Because this is their second attempt to plead those counts, it is clear they are unable to do so, and this Court should dismiss these claims with prejudice.

**WHEREFORE**, Defendants respectfully request that the Court dismiss Counts III, IV and V of the Amended Complaint, with prejudice, with respect to all Plaintiffs pursuant to Federal Rule of Civil Procedure 12(b)(6).

    Respectfully Submitted,
    VONCH, LLC and POLEKATZ GENTLEMEN'S CLUB, LLC

    /s/ Matthew J. Sheahin_____
By:    One of their Attorneys

Matthew Sheahin (ARDC#6243872)
Jennifer B. Tee (ARDC#6292487)
Tom Fox (ARDC#6326911)
Lavelle Law, Ltd.
141 W. Jackson Suite 2800
Chicago, IL 60604
Tele: (312) 888-4111
Facsimile: (312) 658-1430
msheahin@lavellelaw.com
jtee@lavellelaw.com
tfox@lavellelaw.com
S:\2251-2500\2278\Hinton v. Vonch\Pleadings\MTD.AC.2.22.19.docx