UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JESSICA HINTON, et al.,

    Plaintiffs,

v.

VONCH, LLC, et al.,

    Defendants.

No. 18 CV 7221

Judge Manish S. Shah

**MEMORANDUM OPINION AND ORDER**

Ten professional models allege that defendants Vonch, LLC, and Polekatz Gentleman's Club, LLC, used their images in unauthorized Facebook advertisements, the most recent of which was posted more than a year before they filed suit. Defendants move to dismiss three counts of the complaint, arguing that two are untimely and that the third is premised on a faulty negligence theory. Plaintiffs say the statute of limitations is five years—not one—and, in any event, allege that the violations are continuous and ongoing and "hidden" because they were "'pushed' down in time from immediate visibility." They also say their negligence theory is properly premised on the general duty that all people owe each other (as well as other, more specific duties).

## I.     Legal Standards

A complaint must contain a short and plain statement that plausibly suggests a right to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss, although a court must accept all factual allegations

as true and draw all reasonable inferences in the plaintiffs' favor, the court need not do the same for legal conclusions or "threadbare recitals" supported by only "conclusory statements." *Ashcroft*, 556 U.S. at 678, 80–82. The plaintiff must provide "more than labels" or "a formulaic recitation of a cause of action's elements," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and the complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562.

## II. Facts

Jessica Hinton and nine other professional models allege that defendants Vonch, LLC, and Polekatz Gentlemen's Club, LLC, displayed their likenesses in violation of the Lanham Act, *see, e.g.*, [30] ¶¶ 168–184, 185–198,[1] Illinois's Right of Publicity Act, *see, e.g., id.* ¶¶ 199–221, and Illinois's common-law tort of false publicity. *See, e.g., id.* ¶¶ 222–236.[2] None of them had ever worked for (nor had any

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings.

[2] The complaint is 162 pages—and 946 paragraphs—long. *See* [1] at 1–163; Fed. R. Civ. P. 8(a)(1) (complaints need only be "short and plain"). Much of the length can be explained by the drafting decision to repeat all five legal theories for each of the ten plaintiffs; Jessica Hinton's false advertising legal theory falls between paragraphs 168 and 184, [30] ¶¶ 168–184, Cora Skinner's falls between paragraphs 246 and 262, *id.* ¶¶ 246–262, and the rest show up on later pages. With the exception of the plaintiff's name, the language appears to be copied exactly; even the typos are repeated. *See, e.g. id.* ¶¶ 205 ("Hinton is further informed and believes and herein alleges that discovery ill [sic] prove that Defendants' republicized Hinton's image and likeness on various occasions"), 283 ("Skinner is further informed and believes and herein alleges that discovery ill [sic] prove that Defendants' republicized Stage's image and likeness on various occasions"). Defendants' motion skips over this inconvenient complication, addressing only "Counts III–V" of the First Amended Complaint without elaboration, and relying on summaries of the factual allegations contained elsewhere in the complaint ([30] ¶¶ 58–167) to move for dismissal without ever affirming that each plaintiff's legal theory is materially similar. But since Plaintiffs do not challenge this tactic or argue

affiliation with) Polekatz Gentlemen's Club, *id.* ¶ 55, but their images were used in advertisements posted on Polekatz's Facebook page. *Id.* ¶ 34. *See also, e.g.*, [30-1] at 3. They say they did not know about these postings, [30] ¶ 56, the first of which appeared on October 29, 2015, *id.* ¶ 82, and the last of which appeared on October 11, 2017. [30] ¶ 159. According to their complaint, the advertisements were never removed and can still be viewed by anyone visiting the page in question—provided they scroll down far enough to find it. *See, e.g.*, [30] ¶ 62.

**III. Analysis**

A complaint need not "anticipate and attempt to plead around defenses," *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613 (7th Cir. 2014), but can be dismissed as untimely if it alleges facts "sufficient to establish the complaint's tardiness." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674–75 (7th Cir. 2009). Counts III and IV of the Amended Complaint (all ten of them) allege violations of Illinois's Right of Publicity Act, 765 Ill. Comp. Stat. 1075/1–1075/60, *see, e.g.*, [30] ¶¶ 199–221, and Illinois's common-law[3] prohibition against portraying a person in a "false light," respectively. *See, e.g.*, [30] ¶¶ 222–236. Illinois's

---

that any of their legal theories are unique in some material way, they have waived any argument to the contrary.

[3] The amended complaint cites Illinois's Right of Publicity Act as the source of plaintiffs' false light publicity theory. *See, e.g.*, [30] at 42 (citing 765 Ill. Comp. Stat. 1075/1–1075/60). But under Illinois law, false light remains a common-law tort. *Lovgren v. Citizens First Nat. Bank of Princeton*, 126 Ill.2d 411, 419 (1989); *Kainrath v. Grider*, 2018 IL App (1st) 172270, ¶ 50; *Blair*, 369 Ill.App.3d at 323 ("[t]he Right of Publicity Act … completely replaced the common-law tort of appropriation of likeness, although it did not affect the other three common-law privacy torts"). Nonetheless, the federal rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10 (2014).

3

law provides the applicable statute of limitations. *See Houben v. Telular Corp.*, 309 F.3d 1028, 1032 (7th Cir. 2002) (the *Erie* doctrine applies to state law claims brought through supplemental jurisdiction under 28 U.S.C. § 1367); *Kalmich v. Bruno*, 553 F.2d 549, 552 (7th Cir. 1977) ("State law barring an action because of a statute of limitations is sufficiently 'substantive,' in the Erie sense, that a federal court in that state exercising diversity jurisdiction must respect it.").

Illinois's Right of Publicity Act is governed by a one-year statute of limitations. *Blair v. Nevada Landing P'ship*, 369 Ill.App.3d 318, 323 (2nd Dist. 2006) ("since the Right of Publicity Act completely supplanted the common-law tort of appropriation of likeness [citation omitted], we find applicable the one-year statute of limitations that pertained to the common-law tort"). Although the question remains an open one in this circuit, *Martin v. Living Essentials, LLC,* 653 Fed. App'x 482, 486 (7th Cir. 2016) ("we decline to predict if the state supreme court would endorse *Blair*, since, once again, the answer does not matter"), *Blair's* logic is persuasive. The common-law tort of appropriation-of-likeness was replaced by the cause of action provided for in Illinois's Right of Publicity Act. *Blair*, 369 Ill.App.3d at 322–23. The "rights and remedies provided for" in that Act "supplant" the "rights and remedies" that were "available under the common law," 765 Ill. Comp. Stat. 1075/60, but otherwise, the Act did "not affect an individual's common law rights as they existed before the effective date of this Act." *Id*. The Right of Publicity Act does not contain a statute of limitations, *see* 765 Ill. Comp. Stat. 1075/1–1075/60, and the tort of appropriation-of-likeness used to be governed by a one-year statute of limitations, *Benitez v. KFC Nat.*

4

*Mgmt. Co.*, 305 Ill.App.3d 1027, 1034 (2nd Dist. 1999), so that same one-year limitations period applies. *See also Wells v. Talk Radio Network-FM, Inc.*, No. 07 C 4314, 2008 WL 4888992, at *2 (N.D. Ill. Aug. 7, 2008); *Maremont v. Susan Fredman Design Grp., Ltd.*, 772 F.Supp.2d 967, 971–72 (N.D. Ill. 2011); *Martin v. Wendy's Int'l, Inc.*, 183 F.Supp.3d 925, 930 (N.D. Ill. 2016); *Troya Int'l, Ltd. v. Bird-X, Inc.*, No. 15 C 9785, 2017 WL 6059804, at *13 (N.D. Ill. Dec. 7, 2017).

According to the complaint, defendants posted the last image on October 11, 2017, [30] ¶ 159, more than one year before the complaint was filed on October 29, 2018. [1]. But because the images remained visible after the posting (until at least February, 2019, according to the complaint) the plaintiffs say the violations were "continuous and ongoing." *See, e.g.*, [30] ¶ 203. And, because the posts were "'pushed' down in time from immediate visibility," they allege that the images were "hidden, inherently undiscoverable, or inherently unknowable." *See, e.g., id.* ¶ 204.

This was neither a continuing violation nor a hidden one. Under the single publication rule, an act of defamation (or invasion of privacy or "any other tort founded upon any single publication or exhibition or utterance," 740 Ill. Comp. Stat. 165/1) is complete "at the time of the publication" (so long as defendants do not take "any action beyond initially posting the stories to their web sites"). *Pippen v. NBCUniversal Media, LLC*, 734 F.3d 610, 614–15 (7th Cir. 2013). "[L]ater circulation of the original publication does not trigger fresh claims." *Id.* at 615. Even marking a post as "updated" does "not start a new statute of limitations clock," so long as nothing else is changed. *Kiebala v. Boris*, 928 F.3d 680, 688 (7th Cir. 2019). *See also Feltmeier*

5

*v. Feltmeier*, 207 Ill.2d 263, 278–79 (2003) ("[a] continuing violation or tort is occasioned by continuing unlawful acts and conduct, not by continual ill effects from an initial violation").

The cases plaintiffs cite are inapposite. For instance, in *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, the Illinois Supreme Court found that the statute of limitations reset each time defendants made "discrete decisions" and where their actions "constituted a separate violation" of the statute in question. 199 Ill.2d 325, 348 (2002). And in *Kraszinski v. Rob Roy Country Club Vill. Ass'n*, plaintiff alleged that defendant "regularly spray[ed] pesticides weekly in areas proximate to Plaintiff's dwelling." No. 17-CV-2228, 2019 WL 1239690, at *6 (N.D. Ill. Mar. 18, 2019). Spraying pesticides reset the statute of limitations because it did not flow from a single act and instead demonstrated a "pattern of intentional harassment that continue[d] through the present.'" *Id.* (quoting *Belleville Toyota, Inc.*, 199 Ill.2d at 348). The allegation here is that defendants simply "never removed" the advertisements, [30] ¶ 62, which is even less of a "discrete decision" than marking a post as "updated." The failure to remove the post did not constitute a continuing violation. The Right of Publicity Act claim is untimely and dismissed.

An action for false light is also governed by a one-year statute of limitations. *Poulos v. Lutheran Soc. Servs. of Ill., Inc.*, 312 Ill.App.3d 731, 745 (1st Dist. 2000) (citing 735 Ill. Comp. Stat. 5/13-201). As with Illinois's Right of Publicity Act, the continuing violation rule does not apply where the publication was the result of a one-

time decision to post something online. *See Pippen,* 734 F.3d at 615; *Kiebala,* 928 F.3d at 686; *Feltmeier*, 207 Ill.2d at 278 (2003). This claim is dismissed too.

Defendants also move to dismiss those counts of the complaint that are premised on a negligence theory. With one exception, they cite decisions that were not applying or interpreting the law that governs here: Illinois's negligence law. *See Houben*, 309 F.3d at 1032; *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 702 (7th Cir. 2009) (applying Illinois law to an Illinois negligence theory). The one exception is a citation to the basic elements of a negligence theory. [36] at 11 (citing *Cowper v. Nyberg*, 2015 IL 117811, ¶ 13 ("a plaintiff must plead that the defendant owed a duty of care to the plaintiff, that the defendant breached that duty, and that the breach was the proximate cause of the plaintiff's injuries")).

The gist of Polekatz's argument is that they cannot be liable for negligence simply because they (allegedly) violated the Lanham Act (or Illinois's Right of Publicity Act). In that regard, they are correct. In the event that plaintiffs seek to prove both duty and breach by showing that a statute was violated (under Illinois's negligence *per se* doctrine), they would still need to show that they were a member of the class of persons protected by the statute, that their injury is of the type the statute intended to protect against, and that the violation of the statute proximately caused their injuries. *See Price ex rel. Massey v. Hickory Point Bank & Tr., Tr. No. 0192,* 362 Ill.App.3d 1211, 1216 (4th Dist. 2006). They would also need to show that the statutes in question were "designed to protect human life or property." *Barthel v. Ill. Cent. Gulf R. Co.*, 74 Ill.2d 213, 219 (1978). But Polekatz's motion cites no law showing that

7

the facts alleged in this complaint are insufficient to plausibly suggest that plaintiffs will be able to produce evidence sufficient to prove that Polekatz acted negligently.

Plaintiffs' negligence theory is also broader than Polekatz suggests. Their argument is that defendants owed each plaintiff a "duty of care … to ensure that their advertising and promotional materials and practices did not infringe on [their] property and publicity rights," [30] ¶ 240, as well as a "duty of care to consumers at large to ensure that their promotional and/or advertising materials and campaigns were not deceptive or misleading in their advertising practices." *Id.* ¶ 241. Whether Polekatz owed the plaintiffs (with whom they allegedly had no affiliation) such broad duties of care is a question of law. *Kirk v. Michael Reese Hosp. & Med. Ctr.*, 117 Ill.2d 507, 525 (1987); *Doe v. Sanchez*, 2016 IL App (2d) 150554, ¶ 55 (some defendants, like common carriers, "owe their passengers a heightened duty of care"). Plaintiffs' briefing cites no law establishing that Polekatz owed them such duties of care but, at the least, "every person owes to all others a duty to exercise ordinary care to guard against injury which naturally flows as a reasonably probable and foreseeable consequence of his act." *Nelson v. Union Wire Rope Corp.*, 31 Ill.2d 69, 86 (1964). At a minimum, that basic duty plausibly applies here.[4]

In addition, plaintiffs' negligence theory is not duplicative of their Lanham Act theory: each "require[s] proof of different elements." *Doe 1 v. City of Chicago,* 335 F.Supp.3d 1098, 1105 (N.D. Ill. 2018). Their negligence theory requires that they

---

[4] Plaintiffs did not "admit" that no such duty existed, [49] at 5; they cited that duty in their brief. [48] at 7.

8

allege duty, breach, causation, and damages, *Cowper*, 2015 IL 117811, ¶ 13, while their false advertising theory requires that they allege that the advertisements were "(1) false and misleading … ; (2) actually deceiving or likely to deceive a substantial segment of their audience; (3) material in their effects on purchasing decisions; (4) touting goods that entered into interstate commerce; and (5) actually, or likely to be, injurious to the plaintiff." *B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, 857 F.Supp. 1241, 1244–45 (N.D. Ill. 1994). And false endorsement "occurs when [1] a person's identity is connected with a product or service [2] in such a way that consumers are likely to be misled about that person's sponsorship or approval of the product or service." *Hart v. Amazon.com, Inc.*, 191 F.Supp.3d 809, 819 (N.D. Ill. 2016), *aff'd*, 845 F.3d 802 (7th Cir. 2017). The negligence claim is not legally duplicative of the remaining Lanham Act claim.

Polekatz's argument about the duplication of legal theories in the complaint is without merit for another reason: plaintiffs are free to set out "2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones," and in the case of alternative statements, the "pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2). In any event, plaintiffs will not be entitled to recover twice for the same injury. *See Duran v. Town of Cicero, Ill.*, 653 F.3d 632, 642 (7th Cir. 2011). And to the degree Polekatz argues that there has been no breach, it raises a factual question that cannot be resolved at this stage. *Tressler v. Winfield Vill. Co-op., Inc.*, 134 Ill.App.3d 578, 579 (4th Dist. 1985).

For similar reasons, the complaint cannot be dismissed simply because one of the duties was allegedly owed to "consumers at large," [36] at 12 (citing [30] ¶¶ 240–41), or because the negligence counts include a reference to the legal theory of respondeat superior. *See, e.g.*, [30] at 44. Even if both prove to be faulty or unnecessary, a plaintiff does not have to "specify the statute or common law principle that the defendant has violated." *Shah v. Inter-Cont'l Hotel Chicago Operating Corp.*, 314 F.3d 278, 282 (7th Cir. 2002). *See also N.A.A.C.P. v. Am. Family Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir. 1992) (complaints need only "limn the grievance and demand relief," and "need not identify the law on which the claim rests").

Plaintiffs may need to "proffer some legal basis to support [their] cause of action" in response to a motion to dismiss, *Cty. of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 818 (7th Cir. 2006), *as amended* (Apr. 11, 2006), but they have done so: Illinois's negligence law. Polekatz had the burden of establishing "the legal insufficiency of the complaint," *Yeksigian v. Nappi*, 900 F.2d 101, 104 (7th Cir. 1990), and it has not done so. The negligence claim is not dismissed.

## IV. Conclusion

Defendants' motion to dismiss, [35], is granted in part, denied in part. All dismissals are without prejudice. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana,* 786 F.3d 510, 519 (7th Cir. 2015).

ENTER:

Manish S. Shah
United States District Judge

Date: August 2, 2019